**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Marilyn R. Moriarty, SB# 89818
Rita R. Kanno, SB# 230679
550 West "C" Street, Suite 800
San Diego, California 92101
Telephone: (619) 233-1006
Facsimile: (619) 233-8627
(rkanno@lbbslaw.com)

Attorneys for Defendants
El Centro Regional Medical Center and Jerry Bullaro

FILED

07 NOV 13  PM 4: 01

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PAMELA GASPAR,

      Plaintiff,

      v.

CITY OF EL CENTRO, EL CENTRO
REGIONAL MEDICAL CENTER, JERRY
BULLARO, and DOES 1-20, inclusive,

      Defendants.

) CASE NO. 07 CV 2171 JAH (NLS)
)
)
)
) **NOTICE OF REMOVAL OF ACTION**
) **UNDER 28 U.S.C. SECTION 1441(b)**
) **(FEDERAL QUESTION)**
)
) Action Filed: October 23, 2007
)
)
)
)

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

     **PLEASE TAKE NOTICE** that defendants, EL CENTRO REGIONAL MEDICAL

CENTER and JERRY BULLARO ("defendants") hereby remove to this Court the state court

action described below.

     1.    On October 23, 2007, Pamela Gaspar ("plaintiff") commenced an action against

defendants entitled *Pamela Gaspar v. City of El Centro. et al.*, Imperial Superior Court Case No.

EC403982 (the "Action"). True and correct copies of the Summons and Complaint, and the other

documents that were served on defendants concurrently therewith, are collectively attached hereto

as Exhibit "A."

/ / /

550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA 92101-3540
TELEPHONE (619) 233-1006

1    2.    Defendants first received notice of the Action when it was served with the Summons

2    and Complaint on October 25, 2007; hence this notice of removal is timely.

3                            FEDERAL QUESTION JURISDICTION

4    3.    This action is a civil action of which this Court has original jurisdiction

5    under 28 U.S.C. § 1331 and which may be removed to this Court on federal question jurisdiction

6    grounds as set forth in 28 U.S.C. § 1441(b) in that it is a civil action of which the district courts

7    have original jurisdiction founded on a claim of right arising under the Constitution, treaties or

8    laws of the United States without regard to the citizenship or residence of the parties.

9    4.    The Complaint filed in the Action asserts claims under the Age Discrimination in

10   Employment Act ("ADEA"), 29 U.S.C. § 623.  (Exhibit A, Complaint at ¶¶ 31 through 39.)  Any

11   remaining claims or causes of action in the Complaint that are otherwise nonremovable are joined

12   with separate and independent claims or causes of action within the jurisdiction conferred by 29

13   U.S.C. § 623, and the entire case is therefore removable under 28 U.S.C. § 1441(c).

14   5.    Removal may be upheld under section 1441(b) where the complaint in a state court

15   action asserts rights under federal civil rights laws.  (*Century Southwest Cable Television, Inc. v.*

16   *C11F Associates*, 33 F.3d 1068, 1071 (9th Cir. 1994); *Allen v. City of Beverly Hills,* 911 F.2d 367,

17   369 (9th Cir. 1990); *Harris v. Birmingham Board of Education*, 817 F.2d 1525, 1526 (11th Cir.

18   1987).)

19   6.    Based on the foregoing, federal question jurisdiction is complete and removal is

20   appropriate.

21   DATED:  November 9, 2007        LEWIS BRISBOIS BISGAARD & SMITH LLP

22

23

24                                By _____
                                  Marilyn R. Moriarty
25                                Rita R. Kanno
                                  Attorneys for Defendants El Centro Regional Medical
26                                Center and Jerry Bullaro

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA 92101-3540
TELEPHONE (619) 233-1006

-2-

**EXHIBIT A**

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JERRY BULLARO



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
OCT 23 2007

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY ADRIANA GARCIA
DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PAMELA GASPAR

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT, COUNTY OF IMPERIAL 939 Main Street El Centro, CA 92243 | CASE NUMBER: *(Número del Caso):* ECUD3982 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JOHN W. BREEZE [SNB: 065287]    760-352-3130    760-352-4763
PLOURD AND BREEZE
1005 State Street
El Centro, CA 92244-0099

| DATE: OCT 23 2007 *(Fecha)* | JOSE O. GUILLEN Clerk, by *(Secretario)* | ADRIANA GARCIA , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED: You are served** 1. ☐ as an individual defendant. 2. ☐ as the person sued under the fictitious name of *(specify):* 3. ☐ on behalf of *(specify):* under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor) ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee) ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person) ☐ other *(specify):* 4. ☐ by personal delivery on *(date):* |
|---|---|

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

ENDORSED

OCT 23 2007

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY ADRIANA GARCIA
DEPUTY

Assigned for all purpose to Judge
including trial

CHRISTOPHER W. YEAC

1  JOHN W. BREEZE [SBN# 065287]
2  PLOURD AND BREEZE
   1005 State Street
3  P.O. Box 99
   El Centro, CA  92244-0099
4  Telephone  760-352-3130
   Facsimile:  760-352-4763
5
6  Attorney for Plaintiff,
   PAMELA GASPAR
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                   IN AND FOR THE COUNTY OF IMPERIAL
9

| | |
|---|---|
| 10  PAMELA GASPAR, | CASE NO.: ECU03982 |
| 11 | |
| 12 | Complaint for: |
| 13            Plaintiff, | 1.  Wrongful Demotion Based on Age in Violation of California's Fair Employment and Housing Act §§ 12926, 12940; |
| 14  vs. | |
| 15 | |
| 16 | 2.  Wrongful Demotion Based on Sex in Violation of California's Fair Employment and Housing Act §§ 12926, 12940; |
| 17  CITY OF EL CENTRO, EL CENTRO | |
| 18  REGIONAL MEDICAL CENTER, JERRY BULLARO, and DOES 1 THROUGH 20, INCLUSIVE, | |
| 19 | 3.  For Damages Under 29 U.S.C. § 623(a) and Demand for Jury Trial |
| 20 | |
| 21 | Injunctive Relief; Damages |
| 22            Defendants. | |
| 23 | |

24       Plaintiff alleges as follows:

25       1.    At all times herein mentioned, the Plaintiff, Pamela Gaspar, was a resident

26  of the City of El Centro, County of Imperial, State of California, and was an employee of

27  the El Centro Regional Medical Center.

28

1

COMPLAINT

2.    Defendants, El Centro Regional Medical Center and City of El Centro are public entities, organized and existing under the laws of the State of California and are subject to suit under the California Fair Employment and Housing Act, Government Code Section 12900 et seq. (FEHA), in that they are local public entities and regularly employ five or more persons. Defendant, Jerry Bullaro, is an individual, and at all times herein mentioned was a resident of County of Imperial, State of California, and employed by the El Centro Regional Medical Center as the Administrative Director of the clinical laboratory.

3.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned Defendants.

4.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was the agent and employee of each of the remaining Defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

5.    The unlawful employment practices complained of herein occurred in Imperial County, State of California.

///

///

# FIRST CAUSE OF ACTION

## WRONGFUL DEMOTION BASED ON AGE IN VIOLATION OF FEHA
[CAL. GOV'T CODE §§ 12926, 12940]

6.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 5 above, as though fully set forth herein.

7.    Plaintiff is sixty-two years old and began working in the hospital laboratory at El Centro Regional Medical Center, approximately 31 years ago. For a period up until on or about May 14, 2007, Plaintiff held the position of Lead Clinical Laboratory Scientist. As Lead Clinical Laboratory Scientist, Plaintiff earned approximately $32.84 an hour.

8.    Defendant, Jerry Bullaro, was hired for the position of Administrative Director of the Clinical Laboratory on or about August 2006. Approximately one month after Bullaro's arrival, Bullaro began to engage in harassing conduct toward Plaintiff. On one particular occasion, Bullaro called Plaintiff into the office to tell her that another employee, significantly younger than Plaintiff, called in sick and that Plaintiff would have to take the shift. Bullaro, then, without prompt, commented to Plaintiff: "Old people call in sick not young people". Based on the intonation and context in which he spoke it was clear to Plaintiff that by "old people", he was referring to her. On another occasion, Bullaro approached Plaintiff commented to her: "Old people don't want to work up antibody identification." Based on the context of the exchange, Plaintiff was certain Bullaro was referring to her as "old". Plaintiff felt uncomfortable and offended.

9.    On or about September 2006 Bullaro accused Plaintiff of treating another employee who is Plaintiff's subordinate in an intimidating manner and of interfering with performance of required duties. Bullaro alleged that another employee complained of

1 Plaintiff's behavior to Bullaro and he scheduled a meeting to allegedly smooth things

2 over. At the meeting; however, the alleged complainant made small-talk and when

3 Plaintiff made an attempt to bring up the topic of the allegations that Plaintiff was

4

5 hostile, Bullaro stopped her in her tracks by interrupting her and talking over her. The

6 issue was not addressed; and Plaintiff asserts that the allegations were embellished or

7 completely invented by Bullaro and that the alleged complainant was not aware of the

8 allegations Bullaro was making toward Plaintiff. Plaintiff further asserts that Bullaro

9 made these allegations against her and set up the scenario in order to cast Plaintiff in a

10

11 negative light.

12     10. On or about the second half of 2006, Bibiana Ley and Martha Proctor, two

13 employees at the lab, each separately, approached Plaintiff and told her that they had

14 been approached by Bullaro and told to tell him how Plaintiff prevents them from getting

15 their work done. Bibiana Ley told Bullaro that Plaintiff does not do that and Bullaro blew

16

17 up and stated that he was going to get to the bottom of it.

18     11. On or about April 16, 2007, Bullaro sent Plaintiff an e-mail accusing Plaintiff

19 of purposely delaying other employees from doing their work. Bullaro alleged that

20 employees complained of Plaintiff's behavior to him and has refused to state who the

21

22 complainants are.

23     12. On or about and throughout the Month of April, Plaintiff submitted

24 approximately four employee grievances with regard to Mr. Bullaro's behavior and

25 attitude toward her. She did not receive a response or a meaningful opportunity to speak

26 with a superior or administrator of Mr. Bullaro until April 24, 2007 when she met with

27

28

Mr. Bill Moore. At that meeting, Plaintiff was assured that she would be contacted again in order to begin a process to remedy the situation; however, that did not occur.

13.    In a memo dated May 14, 2007, Plaintiff received from Bullaro a notice to demote her from her position of Lead Clinical Laboratory Scientist to the position of Clinical Laboratory Scientist to go into effect on the same day, May 14, 2007. On or about May 14, 2007, Plaintiff also received a Notice of Personnel Action Form caused to be sent to her by Mr. Bullaro, indicating that the demotion was effective immediately and her hourly rate of pay would be reduced from $32.84 to 29.21. A copy of the May 14, 2007 memo and notice of the personnel action are marked **Exhibit A** and attached hereto.

14.    On or about June 4, 2007, Bullaro intentionally humiliated Plaintiff when he went into her work area and, in the presence of co-workers, slammed down a document in front of her stating, "Here is a copy of you're demotion".

15.    On or about June 5, 2007, Plaintiff received a letter from Kathy Farmer, Chief Financial Officer for ECRMC, stating that the demotion was going to be effective starting May 25, 2007, in effect, demoting Plaintiff retroactively. A copy of the June 5, 2007 letter is marked **Exhibit B** and attached hereto.

16.    On or about June 20, 2007, Plaintiff received a letter from William R. Moore, Assistant Administrator and Chief HR Officer at El Centro Regional Medical Center, asking Plaintiff to meet with him and Mr. Bullaro, while excluding parties from outside of ECRMC. When Plaintiff attended the meeting, on June 22, 2007, Mr. Moore confused Plaintiff by asking her if she wanted to have an attorney present after having stated in the letter that any parties outside of ECRMC were excluded due to the fact that it was not a disciplinary meeting. Due to Plaintiff's confusion she did not know how to answer the

question and Mr. Moore abruptly ended the meeting, stating that all future communications would be through attorneys.

17.    On or about July 12, 2007, Bullaro again harassed the Plaintiff by notifying her in writing that he was suspending her from work for four days for allegedly not notifying him that she was required to perform jury service at the Imperial County Superior Court. In fact, Plaintiff notified the Medical Center and Bullaro on four different occasions on June 18, 2007, that she was required to go in for jury service the following day on June 19, 2007. Plaintiff did not receive notice that she was required to be present for jury service at the court until the evening of June 18, 2007, and immediately notified her superiors at ECRMC that she would not be able to attend work the following day. Plaintiff went in for jury service on June 19, 2007 and was selected for jury service that day. A copy of the notice of suspension dated July 12, 2007, is marked **Exhibit C** and attached hereto.

18.    At all times herein mentioned, Plaintiff was qualified to perform the duties of Lead Clinical Laboratory Scientist. Defendants' termination of Plaintiff constitutes disparate treatment in that it was based on Plaintiff's age. Defendants intentionally terminated Plaintiff because of Plaintiff's age. Plaintiff bases this conclusion on the fact that Plaintiff was demoted during a period when she was experiencing harassment based on her age from her superiors and on the fact that her demotion and suspension were each rationalized by pretextual reasons.

19.    Defendant's discriminatory actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of age, in violation of Government Code §§ 12926, 12940, that deal with age discrimination. Particularly, the

decision to demote Plaintiff because she is 62 years old and considered "old people" by Defendant Bullaro, while subsequently replacing her with a younger female employee in her thirties, was done as a discriminatory reaction to Plaintiff's age. The reason given by Defendants, that there were complaints about Plaintiff and that Plaintiff was preventing people from performing their work, was pretextual and completely unsupported by any facts or evidence.

20. As a proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had not been demoted by Defendants. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

21. As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment related opportunities as further experience and advancement in her employment. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

22. As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress such as depression and anxiety. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

23. In doing the acts set forth above, the Defendants, Does 1 through 20, inclusive, and Mr. Bullaro knew that the conduct that they were engaged in was unlawful,

1  and, notwithstanding this knowledge, said Doe Defendants despicably subjected Plaintiff

2  to cruel and unjust hardships in conscious disregard of the Plaintiff's rights under the

3  Fair Employment and Housing Act. This oppressive conduct was committed by Does 1

4  through 20, inclusive, and Defendants' conduct warrant the assessment of punitive

5

6  damages against them, individually.

7       24.    No adequate remedy exists at law for the injuries suffered by Plaintiff herein,

8  insofar as the employment opportunity that defendant has denied to Plaintiff cannot be

9  secured absent injunctive relief. If this court does not grant injunctive relief of the type

10

11  and for the purpose specified below, Plaintiff will suffer irreparable injury. Therefore,

12  Plaintiff requests the following injunctive relief:

13       a.    That the Defendants be required to reinstate the Plaintiff to her former

14             position as Lead Clinical Laboratory Scientist with all intendant salary

15             benefits and employment related opportunities and benefits.

16

17       25.    On or about July 13, 2007, Plaintiff presented a claim to the City of El Centro

18  with regard to the discriminatory actions and demotion taken against Plaintiff and that

19  claim was rejected in its entirety by the City Council of the City of El Centro on

20

21  August 15, 2007. A copy of this rejection notice is marked Exhibit D, and is incorporated

22  by this reference as though fully set forth herein.

23       26.    On or about July 16, 2007, the Plaintiff received a right to sue letter from the

24  U.S. Equal Employment Opportunity Commission. A copy of the letter is marked

25  Exhibit E, and is incorporated by this reference as though fully set forth herein.

26

27

28

27. On or about July 19, 2007, the Plaintiff received a right to sue letter from the Fair Employment and Housing Administration. A copy of that right to sue letter is marked **Exhibit F** and attached hereto.

## SECOND CAUSE OF ACTION

## WRONGFUL DEMOTION BASED ON SEX IN VIOLATION OF FEHA
[CAL. GOV'T CODE §§ 12926, 12940]

28. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 27 above, as though fully set forth herein.

29. Defendant intentionally terminated Plaintiff because Plaintiff is a female.

30. Defendant's discriminatory actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of sex in violation of Government Code § 12945.

## THIRD CAUSE OF ACTION

## COMPLAINT FOR DAMAGES UNDER 29 U.S.C. § 623(a)

31. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 30 above, as though fully set forth herein.

32. This is an action brought under 29 U.S.C. § 623(a) to recover damages against Defendants City of El Centro, El Centro Regional Medical Center, Jerry Bullaro, and Does 1 through 20, inclusive, for violation of Plaintiff's Constitutional right to Procedural Due Process and discrimination on the basis of Plaintiff's age.

33. The jurisdiction of this Court is predicated on 29 U.S.C. § 623(a).

34.    Plaintiff, Pamela Gaspar, is, and at all times mentioned in this complaint was, a citizen of the United States, and a resident of Imperial County, California.  Venue is therefore proper in Imperial County.

35.    Defendants, City of El Centro, El Centro Regional Medical Center, Jerry Bullaro and Does 1 through 20 were, at all times mentioned in this complaint, acting under color of state law.

36.    Plaintiff has been an employee of El Centro Regional Medical Center for approximately 31 years. Over the years, Plaintiff worked her way up the salary scale until she became Lead Clinical Laboratory Scientist earning $32.84. On or about May 14, 2007, Plaintiff was demoted from her position of Lead Clinical Laboratory Scientist earning $32.84 per hour to Clinical Laboratory Scientist earning $29.21 per hour.  Plaintiff was demoted without proper procedure, without Due Process, and was simply informed at some point prior to her demotion that anonymous co-workers had complained about her. Plaintiff has no information as to who those co-workers were, if any and was not given a meaningful  opportunity to present her position at any time.

37.    Plaintiff is informed and believes and thereon alleges that she was subjected to a violation of her Constitutional Right to Procedural Due Process and her right to not be deprived of her property interest in her position as Lead Clinical Laboratory Scientist earning $32.84 per hour without proper procedure, as a result of the customs, practices, and polices of Defendants.

38.    Plaintiff is informed and believes and thereon alleges that it is Defendants' custom, practice, and policy to harass, or to allow harassment to occur, or to encourage harassment of female employees and of employees who are over the age of 52 years old

10
COMPLAINT

1  and who are perceived to be "old". Plaintiff is also informed and believes and thereon

2  alleges that it is Defendants' policy to deny employees a meaningful opportunity to be

3  heard and to deny employees the proper procedural process owed under the U.S.

4
5  Constitution when significant employment actions are taken, including demotion.

6  Plaintiff further alleges that it is Defendants' custom and practice to deflect and ignore

7  employee grievances.

8     39.   As a direct and proximate result of the customs, practices and policies of

9  Defendants, described in this complaint, Plaintiff has suffered injury, loss, and damage,

10  including loss of property rights to her employment and salary, emotional distress, pain

11
12  and suffering.

13     WHEREFORE, Plaintiff prays for judgment as follows:

14  **AS TO FIRST AND SECOND CAUSES OF ACTION:**

15
16     A.   For back pay, front pay, and other monetary relief according to proof at trial;

17     B.   For general damages according to proof at trial;

18     C.   For punitive damages in an amount appropriate to punish defendant

19
20  for its wrongful conduct and set an example for others;

21     D.   For interest on the sum of damages awarded, calculated from February 9,

22  2005, to the date of judgment;

23     E.   For reasonable attorney fees pursuant to the Fair Employment and Housing

24
25  Act and Government Code, § 12965(b);

26     F.   For costs of suit herein incurred; and

27     G.   For such other and further relief as the court deems proper.

28

**AS TO THIRD CAUSE OF ACTION:**

A.     For compensatory damages, in an amount to be determined according to proof at trial;

B.     For reasonable attorney's fees, pursuant to 29 U.S.C. section 623, et seq.;

C.     For costs of suit incurred in this action; and

D.     For such other and further relief as the Court deems proper.

DATED:     October 22, 2007.          PLOURD AND BREEZE

By:     _John N. Breeze_____

JOHN W. BREEZE
Attorney for Plaintiff,
PAMELA GASPAR

COMPLAINT

# EXHIBIT A



### El Centro
### Regional Medical Center
An Agency of the City of El Centro

## NOTICE OF INTENT TO DEMOTE - HAND DELIVERED

**TO:**      Pam Gaspar, Lead CLS

**FROM:**   Jerry Bullaro; Administrative Director Clinical Laboratory

**DATE:**    5/14/2007

                             __X__Original Copy
                             ___ Copy # ___ of 4

---

This is to advise you of my intent to demote you from your position of Lead Clinical Laboratory Scientist to the position of Clinical Laboratory Scientist effective 5/14/2007

This action is proposed to be taken on the following grounds:

**ECRMC HR Rule #**
1.  **Section 12.1.8 Personnel Manuel:** harassing, treating, intimidating, or coercing any other employee…including any violation of the Hospital's Harassment Policy.
2.  **Section 12.1.12 Personnel Manual:** Failure to work cooperatively with others.
3.  **Section 12.1.44 Personnel Manual:** Any other misconduct which affects the work environment or the quality of patient care or any other violation of established Policy.

The above grounds are based on the following acts or omissions:

Starting in September 2006, laboratory personnel from the night shift informed me of behavioral problems they were having with Pam Gaspar, the Lead CLS on night shift. The initial complaints were of abusive and demeaning behavior directed towards others Pam worked with. A meeting was set with all involved: Susan Ayala, Lisa Mazon, Pam Gaspar and myself. The complaints were of interfering behavior of their required duties, which were set by Rupa Sidhu and me. We also discussed intimidation by Pam using demeaning and abusive behavior. We met and all had an equal chance to voice our concerns. At this meeting I reiterated that the CPTs have their agenda and duties along with their own supervision, and that Pam or other Technologists will "not" interfere in their duties, and that any further problems were to come to Rupa Sidhu or myself. I also made it clear that this type of behavior will not be tolerated by any staff member, and if any behavioral problems continue, further disciplinary action will be taken. )   *not true*   *not s—*

On April13, 2007 I was informed by a CPT-2 supervisor about the delays in the AM run, and her concerns. In speaking with her she said Pam was deliberately delaying the CPTs from starting their duties, and this was causing a delay in physicians getting morning laboratory results. As I spoke to different staff members, they all had the same fear and

complaints that Pam was intimidating them to the point of retaliation from her and wanted to remain anonymous. On April 16, 2007 I conferred with others on this course of action and we agreed to move forward with demotion. Pam was sent an E-mail on April 16, 2007 to meet with me on issues. She did not attend or make any effort to contact me on not attending this meeting. She did not respond to required attendance.

There is a pattern of destructive behavior on Pam's part. This has been conveyed to me by her peers, and looking back in her file, she has been reprimanded for the same behavioral problems in 2005 and 2006. At this point I feel as Laboratory Administrative Director along with the Laboratory Medical Director, Dr Armas that Pam should no longer be in a lead or supervisor position.

This follows on Pam having been given a Verbal Warning on Sept. 15, 2006 for Harassing & Threatening Behavior and a Written Warning, dated January 24, 2005, for Harassing and Threatening Behavior (copies attached).

You are directed not to speak with any ECRMC employee regarding this Letter of Intent to Demote unless you are directed to do so by either me, or the Assistant Administrator/CHRO, ECRMC. All questions regarding this Letter of Intent to Demote can be forwarded to the Assistant Administrator/CHRO.

If you believe this action is not appropriate, you have the right to respond to Bill Moore, Assistant Administrator/CHRO, ECRMC orally or in writing no later than five (5) calendar days after the date this Notice of Intent to Demote is served. Your response will be considered before final action is taken.

If you wish to respond orally, please contact Kathy Farmer at (760) 339-7307, so that a specific time can be set for your oral response. Written responses must be sent to the attention of Kathy Farmer, Chief Financial Officer, at 1415 Ross Avenue, El Centro, CA 92243.

Pursuant to Sections 12.4 and Chapters 13 and 14 of the ECRMC Personnel Rules, Policies & Procedures Manual, if this proposed action is imposed, as an Introductory Period Employee, you have no right to appeal.

Pam Gaspar received this Letter of Intent to Demote on 5/14/2007.

Jerry Bullaro --Administrative Director of Clinical Laboratory                    Date

Attachments:
Written Warnings dated January 24, 2005 and
#12 (Discipline), #13(Grievance Procedure), #14 (Appeals)

cc:    Bill Moore, Assistant Administrator/CHRO, ECRMC – Copy # 1
       HR Files, ECRMC – Copy # 2
       Employee File – File # 3
       City Attorney's Office, City of El Centro – Copy # 4

MAY 14 2007


el Centro
**Regional Medical Center**
*An Agency of the City of El Centro*
1415 Ross Avenue • El Centro, CA 92243-4398
(760) 339-7100

# HUMAN RESOURCES
## NOTICE OF PERSONNEL ACTION FORM

Name: __Gaspar__ __Pam__ ____  Emp. No.: __373__  Badge. No.: _____
         LAST      FIRST      M.I.

                                          Social Security No.: _____

Address: _____  Telephone: ( _____ ) _____
            (NUMBER AND STREET)    CITY    STATE    ZIP

License/Certification: Type: _____  No.: _____  Expiration Date _____

Notify in Case of Emergency: _____    ( _____ ) _____
                                      NAME                          TELEPHONE

---

[  ] Hire    .  [  ] Transfer
    ___ Budgeted  ___ Non-Budgeted
    Replacement For: _____
[  ] End of Temporary Assignment
[  ] Termination  [  ] Resignation
    Reason: _____
    Eligible for Rehire:  [  ] Yes  [  ] No
[  ] Leave of Absence
    [  ] Medical  [  ] Personal  [  ] W/C
    Dates: _____
        BEGINNING      APPROXIMATE RETURN DATE
[  ] Return from Leave of Absence

[  ] Change of Address:
    _____
    _____

[  ] Change of Telephone Number: ( ____ ) _____

[  ] Name Change
    From: _____
    To: _____

[x] Salary Change
    Reason: _____
[x] Position Change

[  ] Other: _____

**EFFECTIVE DATE:** __5/14/2007__

---

**From:**                                    **To:**

Department __Lab__
Department Number __7500__
Job Title __Lead CLS__                        __CLS__
Salary Grade __NO24 (22.648 - 32.840)__      ~~CLS~~ __NO22 (20.150 - 29.217)__
Exempt/Non-Exempt __Non-Exempt__
Job Class Code _____
Position Number _____
Employee Type (FT/PT/Casual) _____
Authorized Weekly Hours _____
Hourly Salary/Step __32.84__                  __29.217__
Review Date: Provisional: _____ Annual: _____  Provisional: _____ Annual: _____
COMMENTS _____

---

BENEFITS: Vac. Hrs/Pay Period _____ Sick Leave Hrs/Pay Period _____ Effective Date _____

Insurance Eff. Date _____ Deductions/Pay Period: Med/Dental _____ STD _____ Other _____ Eff. Date _____

SIGNATURES:

Employee: _____    Date: _____
Supervisor/Manager: _____    Date: __5·14  2007__
Assist. Administrator: _____  Date: __05-14-2007__
Human Resources: _____       Date: __5—14—07__
Administrator: _____          Date: _____

Pay Period Entered: _____
            Number                    Initial                    Date Entered

**FORWARD ALL COPIES TO PERSONNEL DEPARTMENT**    EC 6207 PE -- Rev. 10/91

White - Personnel    Canary - Payroll    Pink - Employee    Gold - Asst. Admin.

# EXHIBIT B



El Centro
**Regional Medical Center**
*An Agency of the City of El Centro*

w.ecrmc.org

June 5, 2007

Ms. Pam Gaspar
2048 Willow Drive
El Centro, CA  92243

Subject: Pam Gaspar : Notice of Demotion – Decision of Kathleen
Farmer.

Dear Ms. Gaspar.

On May 16, 2007 you set up an appointment with me as reviewing
officer for the notice of intent to demote.  When you arrived at the
appointment you brought an attorney, Mr. William Roche.  I informed
you both that I would meet with you to listen to your side of the story,
however, Mr. Roche proceeded to start asking me questions regarding a
subsequent counseling given to you that was not the purpose of our
meeting.  I told you that I would prefer to meet when the Hospital's
attorney could also be present.  That same day, I telephoned the City
Attorney's office and made an appointment for the following afternoon at
4:00pm.  My secretary, Karen Wacaser called you to let you know the
date and time.  Shortly thereafter, Karen received a call from Rosie
O'Campo, Secretary for the law offices of Mr. Roche, who informed
Karen that the date and time was too short of a notice.  I was trying to
accommodate you as quickly as possible from the date you originally
requested a meeting.  Since that time, there has been no further request
for a meeting.  Therefore, I am informing you of my decision to concur
with the decision to demote based on the fact that you did not set a date
for an appointment with me within the designated time frame from the
date of the notice and for the reasons set forth in the notice.

Please note that your demotion is effective starting May 25, 2007.

Sincerely,

Kathleen J. Farmer
Chief Financial Officer

Cc: William Roche, Attorney at law
      William Moore, Chief Human Resources Officer

# EXHIBIT  C



# El Centro
# Regional Medical Center
*An Agency of the City of El Centro*

### NOTICE OF INTENT TO SUSPEND INTRO PERIOD EMPLOYEE
### HAND DELIVERED

TO: Pam Gaspar; Clinical Lab Scientist, EMPLOYEE # 373

FROM: JERRY BULLARO, LABORATORY ADMINISTRATIVE DIRECTOR

DATE: JULY 12; 2007

__Original Copy
__Copy # __ of 4

---

This is to advise you of my intent to suspend you from work at the hospital for 4 days at specified dates. The dates are: July 31; August 7; August 14; & August 21

This action is proposed to be taken on the following grounds:
12.1.1 Insubordination, including: (a) refusal to follow a work order; Directors instructions

The above grounds are based on the following acts or omissions: On June 18 you were instructed to inform your Administrative Director by a given time if you were not able to do your assigned shift (picked for jury duty). You failed to respond on time, leaving a message with the Lab clerk 1 hour before your shift started. This up-set the operations in the lab, along with other staff members, which effects patient cares if the ED could not be able to see patients, and if it was not for others to work extra long shifts at premium pay.

During suspension you are not to be on Hospital property unless you are seeking medical attention; or accompanying family members who are seeking medical attention; or visiting patients of the Hospital; or are to appear on the Hospital Campus upon the request of the Assistant Administrator/CHRO or other Hospital Official in the adjudication of this Notice of Intent To Suspend. Lastly, you are directed not to speak with any ECRMC employee regarding this Letter of Intent to suspend unless you are directed to do so by either me, or the Assistant Administrator/CHRO, ECRMC. All questions regarding this Letter of Intent to Suspend can be forwarded to the Assistant Administrator/CHRO.

If you believe this action is not appropriate, you have the right to respond to Bill Moore, Assistant Administrator/CHRO, and ECRMC orally or in writing no later than five (5) calendar days after the date this Notice of Intent to Suspend is served (092906). Your response will be considered before final action is taken.

If you wish to respond orally, please contact Bill Moore at (760) 339-7126, so that a specific time can be set for your oral response. Written responses must be sent to the attention of Bill Moore, Assistant Administrator/CHRO, ECRMC, 1415 Ross Avenue, El Centro, CA 92243.

Pursuant to Sections 12.4 and Chapters 13 and 14 of the ECRMC Personnel Rules, Policies & Procedures Manual, if this proposed action is imposed, as an Introductory Period Employee, you have no right to appeal.

Pam Gaspar received this letter of intent to suspend on July 12th 2007.

_____                    7-__-__ ____
Jerry Bullaro, Laboratory Administrative Director        Date

**Attachments:**
HR Rules #12.1.32 and 12.1.38

cc:    Bill Moore, Assistant Administrator/CHRO, ECRMC – Copy # 1
        HR Files, ECRMC – Copy # 2
        Employee File – File # 3
        City Attorney's Office, City of El Centro – Copy # 4

# EXHIBIT  D



AUG 27 2007

August 20, 2007

John W. Breeze, Esq.
Plourd and Breeze, P.C.
Post Office Box 99
El Centro, California 92244-0099

Re:    Pamela Gaspar

Dear Attorney Breeze:

NOTICE is hereby given that the claim, which you presented to the City of El Centro on July 13, 2007, was rejected in its entirety by the City Council of the City of El Centro on August 15, 2007.

### WARNING

SUBJECT TO CERTAIN EXCEPTIONS, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

CITY OF EL CENTRO, CALIFORNIA

*Rita M. Noden*

RITA M. NODEN, MMC
EL CENTRO CITY CLERK

Cc:    City Attorney
       Carl Warren & Co.
       Risk Manager

*City Clerk*
*1275 Main Street, El Centro, CA 92243  (760) 337-4515  Fax (760) 337-4564*

# EXHIBIT   E

EEOC Form 161-B (3/98)

## U.S. Equal Employment Opportunity Commission

## Notice of Right to Sue (Issued on Request)

| To: | PAMELA A. GASPAR<br>2048 WILLOW DR.<br>El Centro, CA 92243 | From: | Los Angeles District Office<br>255 E. Temple St. 4th<br>Los Angeles, CA 90012 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 37A-2007-13364 | Legal Officer of the Day | (213) 894-1096 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Olophius E. Perry,
District Director

August 8, 2007
(Date Mailed)

Enclosures(s)

cc:
EL CENTRO REGIONAL MEDICAL CENTER
1415 Ross Avenue
El Centro, CA 92243

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than** <u>2 years (3 years)</u> **before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit **before 7/1/02 – not** 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# EXHIBIT  F

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683
www.dfeh.ca.gov





July 16, 2007


PAMELA A. GASPAR
2048 WILLOW DR.
EL CENTRO, CA 92243

RE:    E200708D0032-00-arse/37AA713364
       GASPAR/El Centro Regional Medical Center

Dear PAMELA A. GASPAR:

## NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Complainant Elected Court Action.

Please be advised that this recommendation has been accepted and the case has been closed effective July 16, 2007.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

Notice of Case Closure
Page Two

This case may be referred to the U.S. Equal Employment Opportunity Commission
(EEOC) for further review. If so, pursuant to Government Code section 12965,
subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's
review of your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

*Belinda Le Doux*

Belinda LeDoux
District Administrator


cc:    Case File


Bill Moore
Director of Human Resources
El Centro Regional Medical Center
1415 Ross Avenue

**SUPERIOR COURT OF STATE OF CALIFORNIA**
**COUNTY OF IMPERIAL**

Pamela Gaspar
    Plaintiff,

VS.

City of El Centro, et al
  Defendant.

**ENDORSED**

OCT 23 2007

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY ADRIANA GARCIA
DEPUTY

**NOTICE OF CASE MANAGEMENT CONFERENCE**

**CASE NO. ECU03982**

1. NOTICE is given that a CASE MANAGEMENT CONFERENCE has been scheduled as follows:

| | | |
|---|---|---|
| Date: 4/21/2008 | Time: 8:30 a.m. | Dept.: 7 |

Address of court: Imperial County Courthouse, 939 West Main Street, El Centro, CA 92243

2. You must file and serve a completed Case Management Conference Statement at least fifteen (15) days before the case management conference.

3. You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4. At the case management conference the court may make pretrial orders, including the following:

    a) An order establishing a discovery schedule.

    b) An order referring the case to arbitration.

    c) An order dismissing fictitious defendants.

    d) An order scheduling exchange of expert witness information.

    e) An order setting subsequent conferences and the trial date.

    f) Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code § 68600 et seq.).

5. Parties wishing to appear by telephone must comply with CRC 298 and local Rule 10.07.

DATED October 23, 2007

ADRIANA GARCIA

    Jose O. Guillen , Clerk by _____,Deputy

**-- SANCTIONS --**

**If you do not file the Case Management Conference Statement required by CRC 212(g), or attend the case management conference or participate effectively in the conference, the Court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money).**

NOTICE OF CASE MANAGEMENT CONFERENCE

CRC 2101-2106
Government Code §68600 et seq.

ICSC C-114 10/03

1   LEWIS BRISBOIS BISGAARD & SMITH LLP
    Marilyn R. Moriarty, SB# 89818
2   Rita R. Kanno, SB# 230679
    550 West "C" Street, Suite 800
3   San Diego, California 92101
    Telephone: (619) 233-1006
4   Facsimile: (619) 233-8627
    (rkanno@lbbslaw.com)

5

6   Attorneys for Defendants,
    El Centro Regional Medical Center and Jerry Bullaro

7

8                 UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11   PAMELA GASPAR,            )   CASE NO.
                         )
12            Plaintiff,      )
                         )   **DEMAND FOR JURY TRIAL**
13      v.                    )
                         )
14   CITY OF EL CENTRO, EL CENTRO  )   Action Filed: October 23, 2007
    REGIONAL MEDICAL CENTER, JERRY  )
15   BULLARO, and DOES 1-20, inclusive,   )
                         )
16           Defendants.    )
                         )
17   _____)

18

19                     <u>DEMAND FOR JURY TRIAL</u>

20       Defendants EL CENTRO REGIONAL MEDICAL CENTER and JERRY BULLARO

21   hereby demand trial by jury in this action.

22   DATED:  November 13, 2007      LEWIS BRISBOIS BISGAARD & SMITH LLP

23

24

25                    By                                
                      Marilyn R. Moriarty
26                    Rita R. Kanno
                      Attorneys for Defendants El Centro Regional Medical
27                    Center and Jerry Bullaro

28



            DEMAND FOR JURY TRIAL  USDC CASE NO._____

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA 92101-3540
TELEPHONE (619) 233-1006

**PROOF OF SERVICE**
Pamela Gaspar vs. City of El Centro., et al.

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 550 West "C" Street, Suite 800, San Diego, California 92101.

On November 13, 2007, I served the following document described as

1. NOTICE OF REMOVAL ACTION UNDER 28 U.S.C. SECTION 1441(b) (FEDERAL QUESTION)

2. DEMAND FOR JURY TRIAL

on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| John W. Breeze, Esq.<br>PLOURD & BREEZE<br>1005 State Street<br>P.O. Box 99<br>El Centro, CA 92244-0099<br>  (760) 352-3130  Phone<br>  (760) 352-4763  Fax | Attorneys for Plaintiff<br>PAMELA GASPAR |

[X]    (BY MAIL, 1013a, 2015.5 C.C.P.)

   [ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

   [X]   I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 13, 2007, at San Diego, California.

_Kathie Richmond_
KATHIE RICHMOND

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA 92101-3540
TELEPHONE (619) 233-1006

-3-

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 144425  — BH

# November 13, 2007
# 16:07:18

## Civ Fil Non-Pris
USAO #.: 07CV2171 CIVIL FILING
Judge..: JOHN A HOUSTON
Amount.:                    $350.00 CK
Check#.: BC# 64500, 43950

# Total—> $350.00

FROM: GASPAR V. CITY OF EL CENTRO
      CIVIL FILING
      BC# 43950 - $250
      BC# 64500 - $100

ORIGINAL

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
PAMELA GASPAR

## DEFENDANTS
CITY OF EL CENTRO, EL CENTRO REGIONAL MEDICAL CENTER, JERRY BULLARO

'07 CV 2171 JAH (NLS)

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   IMPERIAL
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   IMPERIAL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
JOHN R. BREEZE
PLOURD & BREEZE
1005 STATE STREET
EL CENTRO, CA 92244-0099
(760) 352-3130

ATTORNEYS (IF KNOWN)
MARILYN R. MORIARTY
LEWIS, BRISBOIS, BISGAARD & SMITH
550 WEST C STREET, SUITE 800
SAN DIEGO, CA 92101
(619) 233-1006

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
ALLEGATIONS OF AGE DISCRIMINATION; 29 U.S.C. section 623

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [X] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 0.00
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   Docket Number _____

DATE NOVEMBER 13, 2007

SIGNATURE OF ATTORNEY OF RECORD

PAID $350 - 11/13/07 BH RCPT# 144425

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)